IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3114-FL

| | | |
|---|---|---|
| JEROME D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CLINT HALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5), filed by defendants Clint Hall and the Goldsboro Police Department (DE # 15). For the following reasons, the court grants defendant Goldsboro Police Department's motion to dismiss, but denies defendant Hall's motion.

**STATEMENT OF THE CASE**

On June 29, 2009, plaintiff, a pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his constitutional rights pursuant to the Fourteenth Amendment of the United States Constitution because defendant Hall used excessive force against him at the time of his arrest. On September 30, 2009, defendants filed a motion to dismiss for failure to state a claim upon which relief may be granted and for insufficient service of process. Plaintiff filed a response on October 13, 2009.

## DISCUSSION

A. Standard of Review

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court construes allegations in the complaint as true and taken in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

B. Analysis

1. Goldsboro Police Department

Defendant Goldsboro Police Department contends that it is not a proper party to this action. Claims filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished table decision). Because the Goldsboro Police Department is not a

person, it is not a proper party to a § 1983 action. Therefore, plaintiff's claim against the Goldsboro Police Department is DISMISSED.

2. Defendant Clint Hall

Defendants' attorney F. Marshall Wall argues that plaintiff's claim against defendant Hall should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process. Federal Rule of Civil Procedure 4(e) provides that service on an individual may be effected by either:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling house or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

F.R.Civ.P. 4(e)(1) and (2).

In this case, plaintiff mailed a copy of the summons and complaint addressed to "Clint Hall" to the Goldsboro Police Department. The return of service was marked "refused." Attorney F. Marshall Wall states that there is no person named Clint Hall that works or that has worked as a police officer in Goldsboro. In response, plaintiff submitted a document which appears to indicate that the police officer at issue is named Clint Hales, and not Clint Hall. An incarcerated *pro se* plaintiff, proceeding *in forma pauperis* is entitled to rely on the United States Marshal for service of summons and complaint. Puett v. Blanford, 912 F.2d 270, 275 (9th Cir. 1990). Typically,

3

plaintiff must provide the necessary information and documentation to effect service. Id. In this case, plaintiff does not know the full name or address of defendant Clint Hales.

To facilitate this matter on the merits, Attorney F. Marshall Wall is ORDERED to provide the court with full name and last known address of defendant Clint Hales. If defendant Hales no longer is employed by the City of Goldsboro or Wayne County, the requested information shall be provided under seal and will be disclosed only to the relevant court personnel, the United States Marshal, and any of the Marshal's deputies or employees engaged in providing service of process. The address shall be provided within twenty-one (21) days of the filing day of this order.

## CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part defendants' motion to dismiss (DE # 15). Defendants' motion is GRANTED with respect to plaintiff's claims against the Goldsboro County Police Department, but DENIED as to his claims against defendant Clint Hales. Defendants' counsel is DIRECTED to provide defendant Hale's full name and last known address within twenty-one (21) days of the filing of this order.

SO ORDERED, this the 5th day of September, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

4